**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Juan Escobar Silvestre,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-06617-PHX-MSA<br><br>**ORDER** |

Petitioner Juan Escobar Silvestre, who is self-represented, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The Petition asserts that on March 15, 2026,[1] Immigration and Customs Enforcement ("ICE") interviewed Petitioner. (*Id.* at 7.) The Petition further asserts that ICE did not detain him following the interview. (*Id.*) Petitioner recounts that on May 4, 2026, ICE arrested and detained him without a warrant or notice of custody determination. (*Id.*) Petitioner is currently detained at the Eloy Detention Center. The Petition requests immediate release and an injunction barring Respondents from re-arresting or re-detaining Petitioner without a pre-deprivation hearing. (*Id.* at 8.)

The Court required Respondents "to show cause why the writ should not be granted." (Doc. 4 at 2 (quoting 28 U.S.C. § 2243).) In their three-sentence Response,

---

[1] The Petition states that Petitioner was at liberty for "over 14 months" before his May 4, 2026 detention, which suggests that the interview date is misstated. (Doc. 1 at 7.)

Respondents state that they "oppose immediate release" but "agree that Petitioner is entitled to a bond hearing in light of the decision in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026)." (Doc. 7 at 1.) Although Respondents oppose release, they have failed to address Petitioner's claims and provide any justification for his detention.

The Court finds that Respondents have not met their burden and have waived any defense to the relief the Petition requests. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [Petitioner] raised."); *Chengxian Chen v. Lyons*, No. 5:26-cv-04053-MBK, 2026 WL 2280792, at *2 (C.D. Cal. Aug. 4, 2026) ("Respondent's failure to meaningfully contest Petitioner's due process claims in their Answer is a concession that the Petition should be granted."); *Chavez Pastore v. Warden of Adelanto ICE Processing Ctr.*, No. 5:26-cv-04002-BFM, 2026 WL 2178765, at *2 (C.D. Cal. July 27, 2026) (stating that "the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted"); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition."); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting habeas petition and ordering release after finding that by "failing to respond to the claims actually asserted, Respondents have conceded the claims").

The Court will therefore grant the Petition and order Petitioner's immediate release from custody. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

. . . .

. . . .

Accordingly,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must immediately release Petitioner from custody.

**IT IS FURTHER ORDERED** that absent a significant change in Petitioner's circumstances, Respondents are enjoined from re-detaining Petitioner without **seven (7)** days prior written notice and an opportunity for Petitioner to be heard by a neutral judge on the reasons for the re-detention and consideration of bond, at which hearing the government must bear the burden of demonstrating by clear and convincing evidence that Petitioner is likely to flee or pose a danger to the community if not detained.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **two business days** of Petitioner's release.

**IT IS FURTHER ORDERED** that any pending motions are **denied** as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 25th day of September, 2026.

Honorable Maria S. Aguilera
United States Magistrate Judge